**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**



CHRISTINA LAND,                    §
                                   §
    *Plaintiff*,                  §
                                   §
v.                                 §    Civil Action No.  SA-14-CV-009-XR
                                   §
WAL-MART STORES OF TEXAS, LLC      §
and TONY MARTINEZ,                 §
                                   §
    *Defendants*.                 §
                                   §
                                   §
                                   §

**ORDER**

On this date, the Court considered Plaintiffs' motion to remand. Doc. No. 7.  After careful consideration, the Court GRANTS the motion.

**BACKGROUND**

This case arises out of injuries Plaintiff Christina Land allegedly suffered as a result of a fall at a Wal-Mart Store in San Antonio, Texas.  On December 2, 2013, Land filed an original petition in the 73rd Judicial District Court of Bexar County.  The original petition named Wal-Mart and one of its employees, Tony Martinez, as Defendants.  In her petition, Land asserts a cause of action for premises liability, and claims that Martinez is individually liable to her in tort for creating the dangerous condition. Doc. No. 1, Ex. 3.  Land alleges that Martinez was negligently operating a commercial floor cleaning machine when he created a dangerously wet floor that later caused her fall.  She further claims that Martinez did not warn customers about the hazard before leaving the area. *Id.*

1

On January 16, 2014, Wal-Mart timely removed the case to this Court under 28 U.S.C. § 1446.   In its Notice of Removal, Wal-Mart asserts that this Court possesses diversity jurisdiction over the case.   Doc. No. 1.   Although both Plaintiff and Defendant Martinez appear to be Texas residents, Wal-Mart contends that there is complete diversity because the non-diverse Defendant, Martinez, was improperly joined.   *Id.* Wal-Mart did not timely file a response to this motion to remand.

## LEGAL STANDARD

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a).   Removal is proper in any case where the federal court would have had original jurisdiction. *Id.*   To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).   The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).   Any ambiguities are to be construed against removal, as the removal statute should be strictly construed in favor of remand.  *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

A removing party can establish federal jurisdiction on the basis of 28 U.S.C. § 1332 by demonstrating that in-state defendants have been "improperly joined." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).   To establish improper joinder, a removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) [an] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.*

(quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003).  The Fifth Circuit has held that "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* The improper joinder analysis closely resembles a Rule 12(b)(6)-type analysis. *Id.* at 573.  To determine if the non-diverse defendant has been improperly joined, the Court looks to the substantive law of the forum state. *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 421 (5th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

## DISCUSSION

This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 if Martinez was improperly joined.   As an initial matter, the parties agree that there was no fraud in the pleading of jurisdictional facts.   Therefore, to show improper joinder Wal-Mart must demonstrate that Plaintiff has no reasonable basis to recover against Martinez in state court. *Smallwood*, 385 F.3d at 373.  This determination requires an analysis of Martinez's individual tort liability.

Texas law is clear that a corporate manager or agent can only be personally liable if he or she owes the plaintiff an independent duty of care *apart* from the duty owed by the employer. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) ("[I]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.").   In 2005, the Texas Supreme Court extended *Leitch* to premises liability claims. *Tri v. J.T.T.*, 162 S.W. 3d 552 (Tex. 2005).   In *Tri*, Plaintiffs were sexually assaulted

3

while visiting a Buddhist temple in California.  Plaintiffs brought a premises liability claim against the corporation that operated the temple and the individual monk in charge.  The jury found that both Defendants had been negligent.  Nevertheless, the trial judge applied *Leitch* and found that Plaintiffs had not proven that the individual monk owed them a separate legal duty distinct from that owed to plaintiffs by the corporation.  The Texas Supreme Court affirmed, finding that:

> [A] negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of the corporation. Corporations can, of course, only act through individuals. We explained in *Leitch v. Hornsby* when individual liability will be imposed and when it will not. Individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.

*Id.* at 562 (emphasis added).   Wal-Mart correctly notes that numerous federal district courts have applied *Leitch* and *Tri* to find improper joinder when a corporate defendant is joined with a store manager. *Solis v. Wal-Mart Stores E., L.P.*, 617 F. Supp. 2d 476, 480 (S.D. Tex. 2008)(store manager with no personal involvement in creating dangerous condition owed no separate legal duty); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 837 (E.D. Tex. 2008) (same); *McKinney v. Home Depot, USA, Inc.*, 4:06-CV-0327-A, 2006 WL 2947324 (N.D. Tex. Oct. 13, 2006) (same); *Allen v. Home Depot U.S.A.*,  2004 WL 2270001 (W.D. Tex. 2004) (same).  All of these cases pertain to store managers who were not alleged to have played any personal role in creating the dangerous condition.   If Martinez were the store manager, *Leitch* and *Tri* would control and render him improperly joined.  However, contrary to Wal-Mart's position, the inquiry does not end there because Martinez was not the store manager.  Instead, he is alleged to be the employee who personally created the dangerous condition that caused

Plaintiff's injury.  Accordingly, the question of whether Martinez owed Plaintiff a separate legal duty is not directly answered by the cases cited by Wal-Mart.

It is a long standing rule in Texas that "a corporate agent is personally liable for his own fraudulent or tortious acts." *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002).  There is no reason to believe that *Tri* changed that principle and that employees are somehow immunized for their own torts if they were acting in the scope of their employment.  *See Bell v. Wal-Mart No. 2978*, 2011 WL 5022815, at *3 (N.D. Tex. Oct. 18, 2011) ("The holding of *Tri*, however, did not definitely establish in every instance employees owe no independent duty of care while acting within the scope of their employment.").[1]   In *Leitch* itself the Texas Supreme Court gave the example of an employee whose negligence caused a car crash.  The court noted that the driver, although acting within the scope of his employment, was liable based on the personal duty he owed to the public to drive with care.  *Leitch*, 935 S.W.2d at 117 (discussing *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596–97 (Tex. 1987)).   As a result, Wal-Mart cannot rely solely on Plaintiff's allegation that Martinez was acting within the scope of his employment when the tort occurred to establish improper joinder.

The strongest case supporting Wal-Mart's position that Martinez is improperly joined is *Kopczynski v. Wal-Mart Stores Tex. LP*, 2011 WL 902237 (S.D. Tex. Mar 14, 2011).  In *Kopczynski*, Plaintiff sought leave to amend her complaint after removal to add two non-diverse Defendants, the store manager and the store greeter.  The district judge denied leave to amend, finding that there was no possibility of recovery under Texas law against either individual employee. *Id.*  As noted herein, case law indicates that store managers generally do not possess

---

[1] Prior to *Tri*, federal courts would sometimes find the joinder of store managers proper on the grounds that Texas law was unclear as to whether *Leitch* extended to premises liability claims. See *Guevara v. Wal-Mart Stores, Inc.*, 2007 WL 397490 (S.D. Tex. Feb. 1, 2007); *Valades v. Wal-Mart Stores Inc.*, 158 F.3d 584 (5th Cir. 1998).

duties separate from that owed by the company in these kinds of cases.  However, the district court in *Kopczynski* extended that rule to the store greeter.  Specifically, the Court found unpersuasive Plaintiff's argument that the store greeter owed her a separate duty to keep the premises safe. *Id.* at 6.   *Kopczysnki* is distinguishable from the facts of this case because the store greeter's alleged negligence did not create the dangerous condition which caused the injury as is claimed here.

Notably, other federal district courts in this state have remanded cases in which the plaintiff has asserted negligence claims against both the corporate employer and the employee who actually participated in the alleged tort.   In *Alexander v. Lincare, Inc.*, 2007 WL 4178592 (N.D. Tex. Nov. 27, 2007), plaintiff sued both a medical equipment technician and her employer corporation for negligence.  In granting the motion to remand, the court did not take a position on whether Texas law imposed a separate and distinct duty on the individual employee.  Instead, the Court noted that the removing defendant did not "meet its heavy burden of establishing that there is no reasonable basis for the court to predict that [plaintiff] might be able to recover… against the [individual employee] for her negligent acts committed within the scope of the employment." *Id.*  In *Garrison v. The Sherwin–Williams Co.*, 2010 WL 2573973 (E.D. Tex. June 1, 2010), *recommendation adopted by* 2010 WL 2573963, the court stated, "[i]f the corporate employee is only indirectly involved in the alleged negligence, then the Court will not impose an individual duty on the employee, however if the involvement is directly related to the alleged negligence, a question of fact exists as to whether the corporate employee owes an individual duty to a plaintiff."  Similarly, a district court in this district held that a Wal-Mart auto technician who personally inspected the plaintiff's defective tires was not improperly joined,

thus making the case non-removable. *Guzman v. Cordero*, 481 F.Supp.2d 787 (W.D.Tex. 2007). The Court found that the individual employee was "directly and personally involved in conduct that caused Plaintiff's injuries," and that therefore it was impossible to say under Texas law that Plaintiff had no reasonable basis of recovery against him. *Id.* at 790.

In this case, as in *Guzman*, the individual defendant is alleged to have been personally involved in the conduct that caused Plaintiff's injury. Specifically, Plaintiff claims that Martinez was negligent in his operation of the floor cleaning machine, thereby creating a hazard which eventually caused Plaintiff's injury. Whether Martinez is improperly joined turns on what legal duty he owed to Plaintiff. Whether a duty exists "is a question of law for the court and turns on a legal analysis balancing a number of factors, including the risk, foreseeability, and likelihood of injury, and the consequences of placing the burden on the defendant." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010) (internal citations omitted). As a general principle of tort law, individuals are under a duty to prevent injury when they knowingly create a dangerous condition. *See Buchanan v. Rose*, 159 S.W.2d 109, 110 (Tex. 1942); *see also*, RESTATEMENT (SECOND) OF TORTS § 321.

In its Notice of Removal, Wal-Mart argues that Plaintiff has no reasonable basis for recovery against Martinez on a premises liability theory because Martinez was not the owner / occupier of the premises. Doc. No. 1. Wal-Mart has not, however, convincingly foreclosed the possibility that Plaintiff could recover against Martinez on the basis of the fact that he created the dangerous condition. *See City of Denton v. Van Page*, 701 S.W.2d 831 (Tex. 1986). ("Additionally, a private person who has created the dangerous condition may be liable even though not in control of the premises at the time of injury.").

At this stage, the Court need not and does not resolve the state law question of what duty Martinez owed to Plaintiff under the circumstances of this case. For the purposes of the improper joinder analysis, it is sufficient for this Court to find that Wal-Mart has not met its burden of demonstrating no reasonable basis for Plaintiff to recover against the non-diverse Defendant. The demanding standard placed on the removing defendant to establish improper joinder exists to protect the balance between the state and federal court systems. If this Court were to find that Plaintiff had no reasonable basis to recover against Martinez, it would necessarily be resolving a colorable question of Texas tort law regarding the duty owed by an employee who creates the risk of harm within the scope of his employment. Such a ruling would extend *Leitch* and *Tri*, a task the *Erie* doctrine suggests is more appropriately left to the Texas courts.

## CONCLUSION

In light of the foregoing analysis, Wal-Mart has not established improper joinder. Therefore, there is not complete diversity of the parties and this Court lacks subject matter jurisdiction over this case. Therefore, the motion to remand is GRANTED. Doc. No. 7. The Clerk is directed to REMAND this case to the 73rd Judicial District Court of Bexar County, Texas.

SIGNED this 13th day of February, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE